# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE CO., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 1:20-00053-KD-M |
| | ) | |
| GATES BUILDERS, INC., *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Great American Insurance Company's (GAIC) application for temporary restraining order and memorandum of law in support (Doc. 7) and Verified Complaint (Doc. 1).

The Complaint alleges that GAIC, at the request of Gates Builders Inc. (GBI), Kenneth Gates and Rhonda Howell, issued performance and payment on bonds on behalf of GBI with respect to a contract for renovations to Edgewater West Condominiums. The Bonds were issued pursuant to an Agreement of Indemnity wherein GBI, Gates and Howell agreed to indemnify GAIC against any losses GAIC incurred under the bonds. Subsequently, Edgewater made a demand on GAIC under the bonds which resulted in a GAIC loss of $989,296.63. Demand for indemnification has been made to GBI, Gates and Howell, but defendants have failed to perform their obligations to indemnify GAIC.

GAIC alleges that "the Defendants may engage in conduct that will result in immediate and irreparable injury, loss and damages to Great American before the Defendants or its attorneys can be hear in opposition." (Doc. 1 at 7). In GAIC's brief in support of a TRO, GAIC summarily states that because Defendants have refused to deposit funds to indemnify Great American, Great American "justifiably fears that the Defendant's asset may be in the process of being liquidated or

1

secreted…." (Doc. 7 at 5).

GAIC alleges that pursuant to Alabama law "Great American is not required to satisfy the elements traditionally required to obtain a TRO." (Doc. 7 at 9). GAIC is incorrect. A TRO without actual notice to the Defendants is authorized under the Federal Rules of Civil Procedure only if "specific facts in an affidavit or a verified complain clearly show that immediate and irreparable injury, loss or damage will result to movant before the adverse party can be heard in opposition." Fed.R.Civ.P. Rule 65(b)(1)(A).[1] GAIC has not satisfied this requirement. The Verified Complaint and brief in support of a TRO do not set forth specific facts clearly showing that immediate and irreparable injury to GAIC would result before Defendants could be heard in opposition to the application for temporary restraining order. A failure to pay a debt **alone** does not support a justifiable fear that the Defendants would act unethically or possibly criminally to avoid the debt.

The Court will consider the request for TRO after the Defendants have received notice and had an opportunity to be heard. Once all parties have received notice of the application for TRO, the court will treat the motion as one for a preliminary injunction. Burk v. Augusta-Richmond Cty., 365 F.3d 1247, 1262 (11th Cir. 2004) ("[t]he district court may convert a hearing for a temporary restraining order into a hearing for a preliminary injunction as long as the adverse party had notice of the hearing[]" (citing Four Seasons Hotels And Resorts, B.V. v. Consorcio, 320 F.3d 1205, 1210 n. 3 (11th Cir. 2003)).

---

1 GAIC indicates that a courtesy copy of the Complaint was sent to Defendants' counsel Lloyd Roebuck, Esq., but does not indicate whether it was via email or U.S. mail. (Doc. 8). Moreover, the Complaint and TRO application were mailed to Defendants on February 3, 2020. The Court cannot discern whether actual notice has been given to the Defendants as of the date of this order.

Plaintiff is **ORDERED** to give actual immediate notice by **overnight certified mail** to Defendants of the pendency of this action, its request for a temporary restraining order, and a copy of this Order by **February 5, 2020**. Defendants are **ORDERED** to respond by **February 10, 2020**. A **HEARING** will be held on this matter at **9:00 a.m. on February 12, 2020,** in Courtroom 4B, 155 St. Joseph Street, Mobile, AL.

**DONE** and **ORDERED** this the **4th** day of **February 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**